The judgment of the court was pronounced by
Rost, J.
The deceased left a will by which the enjoyment of all his property was left to his wife and his two minor children during her natural life, unless she should change her situation, and appointed his wife and his eldest son, Frederick Jordy, his executors. He died in 1830, leaving three children of age and the two minors mentioned in the will. The will was probated and the executors sworn. The widow was confirmed as natural tutrix, and Frederick Jordy appointed under-tutor.
Anna Jordy, the widow, then caused an inventory and appraisement of the property of the succession to be made, which amounted to something over four thousand dollar's. A slave was sold to pay the debts, and she appears to have taken possession of the remainder under the will, and to have retained it without opposition from the heirs of age, till May, 1849, at which time, the two minor heirs having previously died, she voluntarily rendered an account of her administration and surrendered the property of the succession for a partition between her and the surving heirs.
Frederick Jordy, her co-executor, having died insolvent, the administrator of his succession opposed the account for the benefit of his creditors. The account was also opposed by Mrs. Brook, another of the heirs.
The district judge dismissed the first opposition on the ground that Frederick Jordy had administered the succession jointly with his mother, and that she could not be accountable to his succession for any act of mal-administration. He sustained the opposition of Mrs. Brook to the amount of two hundred and sixty dollars. The opponents have appealed.
*38 We concur with, the district judge in the opinion, that the claim of the succession of Frederick Jordy is unfounded. In relation to the other opponent, the case, as the district judge has viewed it, turns exclusively upon questions of fact, which have been determined in accordance with our own views, as expressed in the case of Walker et al. v. Mrs. O. Duverger, administratrix of J. Wharton, lately decided.
There is nothing in the evidence which would justify us in disturbing the judgment. But it appears to us, besides, that so long as the will was not set aside, the opponents had no claim to the fruits of the property before the marriage of the defendant, Anna Jordy, with her present husband; and as it is not shown when that marriage took place, they have failed to make out their case.
The appellee has asked for no change in the judgment; it must therefore be affirmed.
Judgment affirmed, with costs.